## VACHON & STERLING v. NORTHERN NAV. CO.

(Circuit Court of Appeals, Ninth Circuit. May 7, 1917.)

No. 2870.

ACCOUNT STATED ☞3—SUBJECT-MATTER—UNLIQUIDATED DAMAGES.

Where defendant contracted to transport merchandise for plaintiffs, but failed to deliver a part thereof, and the parties made a settlement and adjustment of the amount of damages growing out of the breach of contract, and defendant then promised to pay the amount of the loss so ascertained, there was an account stated, since, conceding the rule to be that unliquidated damages cannot be made the basis of a stated account, when the damages are unascertainable by any definite rule, defendant was liable for the value of the merchandise, less transportation charges, and the ascertainment of the damages involved merely a matter of computation; the values and charges being necessarily agreed upon in making the adjustment.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. § 13.]

In Error to the District Court of the United States for the Fourth Division of the Territory of Alaska; Chas. E. Bunnell, Judge.

Action by Vachon & Sterling, a copartnership composed of Peter Vachon and J. S. Sterling, against the Northern Navigation Company. Judgment for defendant, and plaintiffs bring error. Reversed and remanded, with directions.

Herman Weinberger, of San Francisco, Cal., and T. A. Marquam and Louis K. Pratt, both of Fairbanks, Alaska, for plaintiffs in error.

Thomas A. McGowan, John A. Clark, and John Knox Brown, all of Fairbanks, Alaska, and Lloyd S. Ackerman, of San Francisco, Cal., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The only question in this case is whether or not the amended complaint states a cause of action—the court below having sustained a demurrer thereto and dismissed it.

Passing the formal allegations, the complaint as amended alleges, in its first count, in substance, that in March, 1907, the plaintiffs contracted with the Northern Commercial Company to transport for them 1,500 tons of merchandise from Seattle, Wash., to Chena, Alaska, by an all-water route, which contract was afterwards assigned by the Commercial Company to, and taken over by, the defendant Northern Navigation Company with the consent of the plaintiffs, the Navigation Company undertaking to carry out the terms of the contract; that at the close of the open season of 1907 a controversy arose between the plaintiffs and the defendant concerning its failure to deliver to the plaintiffs a part of the merchandise, which was adjusted on or about July 6, 1908, at Fairbanks, "and an account was stated between the plaintiffs and defendant concerning such adjustment for loss of mer-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

chandise, by which a balance of $853.99 was found to be due" the plaintiffs, which sum the defendant then and thereby agreed to pay.

The second count, after making similar allegations in respect to the original contract and its assignment to the defendant, alleges that at the close of the open season of 1907 a controversy arose between the same parties concerning the failure of the defendant to deliver to the plaintiffs a part of the merchandise, which controversy at some time between March 16 and April 15, 1908, at Fairbanks, was adjusted, "and an account was stated between plaintiffs and defendant concerning the same, by which a balance of $677.82 was found to be due" the plaintiffs, which the defendant then and thereby agreed to pay.

The prayer is for judgment for the respective amounts, with interest, and for costs. The contention on behalf of the defendant in error is (and it is said to have been the ground of the court's ruling) that a claim for unliquidated damages cannot be made the basis of a stated account.

Conceding such to be the rule in cases of unliquidated damages, where the damages are unascertainable by any definite rule and are not settled and agreed upon by the parties, where, as here, the claim was for damages for nondelivery of parts of the merchandise by the carrier which it agreed to transport and deliver, and where the parties themselves adjusted the loss and ascertained the respective amounts due the plaintiffs from the defendant by reason thereof, and the defendant thereupon agreed to pay the respective amounts so ascertained, we do not understand the rule to apply, and can see no sound reason why it should.

Taking the allegations to be true, as of course we must as the case is presented, the defendant was, under the well-established law, liable to the plaintiffs for the value of those portions of the merchandise, at the place of delivery, which it failed to deliver, less the transportation charges, the ascertainment of which amounts involved merely a matter of computation—the values and charges being necessarily agreed upon in making the adjustment and ascertaining the amount of the indebtedness.

Counsel for the defendant in error say in their brief:

"The complaint in the case at bar does not allege that an agreement to pay a stipulated amount was reached between the parties as to the amount due to the plaintiffs in error by the defendant in error, so as to make a new contract. The allegation of the complaint is that an account 'was stated,' by virtue whereof the sum of $853.99 on the first count and $677.82 on the second count was found to be due"

—omitting the express allegation of each count of the complaint reading, "Which said sum the defendant then and thereby agreed to pay." There is the "new contract" of which counsel speaks.

In 1 Ruling Case Law, p. 212, the rule is thus stated:

"The basis of recovery on an account stated is a promise to pay money, and the promise must be to pay a single sum, whether this consists of a single item in a unilateral account, or is a totality of all items admitted to be correct in such account, or is the balance remaining after the mutual application in payment of each other of such items in counter accounts as are mutually ad-

mitted to be correct. But while the promise to pay may be an express promise, that is ordinarily unnecessary, because an account stated is an acknowledgment of an existing condition of liability between the parties, and from such acknowledgment the law implies a promise to pay whatever balance is thus acknowledged to be due. A new and independent cause of action arises from the agreement, and therefore a legal obligation is established, irrespective of the items or constituents of the previous ground of liability. The balance stated is a liquidated debt, as binding as if evidenced by a note, bill, or bond."

See, also, Id. p. 208, where it is said:

"Since an account stated implies some previous indebtedness, it follows that an account cannot be stated on unliquidated damages, inasmuch as they cannot be considered a subsisting debt; and this applies to damages for breach of a contract, where there has been no actual settlement or adjustment between the parties."

In the present case, according to the allegations of the amended complaint, there was such actual settlement and adjustment between the parties of the amount of damages growing out of the alleged breach of the contract, and an express promise on the part of the carrier to pay the amounts of the loss so ascertained. We think it needless to cite other authorities.

The judgment is reversed, and the cause remanded, with directions to the court below to overrule the demurrer to the amended complaint.