ALLEN, Collector of Internal Revenue, v. SOUTH ATLANTIC S. S. CO. OF DELAWARE.

No. 12568.

United States Court of Appeals
Fifth Circuit.
Oct. 28, 1949.

258

Abbott M. Sellers, Sp. Asst. to the Atty., Gen., Theron L. Caudle, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to the Atty. Gen., John P. Cowart, U. S. Atty., Macon, Ga., for appellant.

Thomas H. Adams, Savannah, Ga., W. Walter Douglas, Savannah, Ga., for appellee.

Before HUTCHESON, McCORD, and SIBLEY, Circuit Judges.

McCORD, Circuit Judge.

South Atlantic Steamship Company of Delaware, a corporate taxpayer, seeks refund for an overpayment of income taxes for the year 1940 in the amount of $19,091.18. The Collector admits the overpayment and the amount thereof, but denies that it is recoverable on the ground that the claim for refund was barred by the statutory limitation. Title 26 U.S.C.A. § 322(b) (3).

The pertinent facts were stipulated by the parties, and may be briefly summarized:

On December 28, 1940, the Steamship Corporation filed a tentative income and excess profits tax return for the year 1940, revealing an estimated $351,892.65 of tax due. The Commissioner assessed this sum as tax due from the Corporation on December 30th, and the entire amount, which included the overpayment here sought, was paid on December 31, 1940.

On April 14, 1941, the Corporation filed its final income and excess profits tax return for the year 1940, and on April 15th paid excess profits taxes for that year amounting to over $163,000.

On January 10, 1944, at the request of the Government, the Corporation executed a waiver agreement, extending the period for assessment of additional taxes against it for the year 1940 until June 30, 1945.

On September 24, 1945, the Corporation filed its claim for refund in the amount of $20,290.16, which sum constituted an admitted overpayment of both income and excess profits taxes due for the year 1940. The claim filed included the amount sought in this suit plus certain overpaid excess profits taxes which have since been refunded.

The question presented is whether the amount of tax admittedly overpaid is recoverable although paid on December 31, 1940, more than three years prior to the execution of the waiver agreement in January, 1944, or whether recovery is barred under Section 322(b) (3) of the Internal Revenue Code, 26 U.S.C.A. § 322(b) (3), which purports to limit recovery to amounts paid within three years prior to the execution of a waiver agreement.

We are of opinion the district court correctly held that the claim for refund was timely filed under Sections 322(b) (3) and 322(b) (4) of the Internal Revenue Code, and that the amount of tax overpaid was therefore recoverable. A careful consideration of both the express language and legislative history of these enactments impels the conclusion that they are related sections which must be read and construed together, and that Section 509(a) of the Revenue Act of 1943, 26 U.S.C.A.Int.Rev. Acts, page 486, makes them retroactively applicable so as to permit recovery of overpaid 1940 taxes. It therefore follows that the payment made by the Corporation on December 31, 1940, for the purpose of the limitation in Section 322(b) (3) may be considered under Section 322(b) (4) as having been made on March 15, 1941, within the three year period prior to the execution of the waiver agreement, so as to entitle the taxpayer to a refund. Title 26 U.S.C.A. §§

322(b) (3) and 322(b) (4); Section 509(a) of the Revenue Act of 1943 c. 63, 58 Stat. 21.[1]

It is without dispute that this taxpayer overpaid its tax for the year 1940 in a substantial amount. Moreover, it was the delay of the Commissioner in completing his assessment, which delay was excused and accepted by the taxpayer in executing the waiver agreement, that produced the situation prohibiting any relief. The waiver was requested by the Government and given to accommodate the Commissioner by extending the time in which his auditors might check the books and accounts of the Corporation and determine if any additional assessment could be made. Taxpayer granted the waiver, and now the Government seeks to escape paying a just claim by pleading the statute of limitations. Under such circumstances, unless the mandate of the enactment inexorably requires such a construction, it would be manifestly unjust and inequitable to permit the Government to retain this tax. White v. Aronson, 302 U.S. 16, 58 S.Ct. 95, 82 L.Ed. 20; Bonwit Teller & Co. v. U. S., 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018; Farmers' Loan & Trust Co. v. Minnesota, 280 U.S. 204, 212, 50 S.Ct. 98, 74 L.Ed. 371, 65 A.L.R. 1000.

We are mindful that these enactments are remedial in nature, and were manifestly designed to encourage prompt payment of taxes, as well as to grant taxpayers an extension of time for filing claims for refund where, as here, they execute a waiver in favor of the Government extending the time in which an additional assessment may be made against them. In permitting a recovery, we are merely adopting and applying a liberal construction of these sections in order to effectuate a plain legislative intent. Springer v. Government of Philippine Islands, 277 U.S. 189, 206, 48 S.Ct. 480, 72 L.Ed. 845; U. S. v. Barnes, 222 U.S. 513, 519, 32 S.Ct. 117, 56 L.Ed. 291; Crancer v. Lowden, 8 Cir., 121 F.2d 645, 649; Bland v. Commissioner, 7 Cir., 102 F.2d 157, 159.

The judgment of the district court is correct, and is accordingly

Affirmed.

---

1. Section 322(b) (3) provides in part: "The amount of the credit or refund shall not exceed the total of the portions of tax paid * * * during the three years immediately preceding the execution of such (waiver) agreement".

Section 322(b) (4), however, further provides: " * * * an advance payment of any portion of the tax made at the time such return was filed shall be considered as made *on the last day prescribed by law* for the payment of the tax (March 15th)."

Section 509(a) of the Revenue Act of 1943 amended the 1942 Revenue Act as follows: "a provision having the effect of the amendment inserting section 322(b) (3) of the Internal Revenue Code * * * shall be deemed to be included in the revenue laws respectively applicable to taxable years beginning *after December 31, 1923* * * *". (Italics ours.)