## RITTENBAUM v. UNITED STATES.
### No. 4231.

United States District Court
N. D. Georgia, Atlanta Division.
Nov. 29, 1952.

Cuba, Cuba & McNatt, Atlanta, Ga., for plaintiff.

J. Ellis Mundy, U. S. Atty., Atlanta, Ga., for defendant.

SLOAN, District Judge.

This is a complaint seeking to recover alleged overpayments of income tax.

In the original complaint the plaintiff sought to recover $5,133.07, but now claims only $3,680.77. The statement of her contentions, hereinafter stated, will refer to her present contentions rather than those stated in the original complaint.

Complainant contends that on March 15th, 1946 she filed her individual income tax return showing an overpayment thereon of $3,203.79 occasioned by an overestimate on her declaration of income taxes due under the current tax payment Act (though she now concedes that proof of payment of $1,452.30 of the claimed overestimate can not at this time be made and abandons her claim for same). She contends that she never received credit for the sum paid as a result of the overestimate ($1,751.49) nor a refund thereof.

Complainant contends that on May 7th, 1951 she filed her claim for refund for $3,203.79 and set forth her grounds for recovery as evidenced by her claims for the calendar years 1945, 1946 and 1948.

Complainant contends that on May 21st, 1951 the Collector of Internal Revenue made demand on her for the sum of $1,929.28 representing additional claimed income taxes for the calendar year 1945 in the amount of $1,452.30 tax and interest of $476.98. She contends that no statutory notice of deficiency was given her as required by law, 26 U.S.C.A. § 272(a), but that she paid same under protest to avoid a levy on her property under a warrant of distraint which she contends was being threatened.

Complainant contends that on May 24th, 1951 she filed an amended claim for refund to include said $1,929.28 in addition to said $3,203.79 claimed on May 7th, 1951.

After a lapse of over six months from the filing of the claims the complainant filed this complaint and sets out as the facts relied upon to show that she is entitled to a refund:

"(a) Plaintiff overestimated her income tax for 1945 in the amount of $3,203.79.

"(b) This amount was duly scheduled as an overassessment to be applied against the 1946 estimate.

"(c) Plaintiff never received credit against 1946 estimate.

"(d) Form 1040 filed by plaintiff for calendar year 1945 on or about March 15, 1946 constitutes a claim for refund within the statute of limitations. (Reg. 111, Sec. 29.322–3).

"(e) The defendant by letter dated November 10, 1948 (Symbols IT: CL:-MAK) notified plaintiff that there had been as overassessment and did not make the refund as demanded by Sections 321 and 322 (a) (1) of the Internal Revenue Code (26 U.S.C.A. §§ 321–322).

"(f) The said $3,203.79 became an account stated in May, 1946 when credited to plaintiff's account and brought the same within the statute of limitations.

"(g) Plaintiff directed that 1946 overpayment be credited to 1947 estimate, 1947 overpayment be credited to 1948 estimate and the 1948 overpayment be refunded to her. The said $3,203.79 was not applied to any of these years nor has it been refunded.

"(h) The plaintiff is entitled to refund of the additional tax collected on May 21, 1951 for the following reason:

"(1) The tax was illegally assessed in that no statutory notice of deficiency was issued (26 U.S.C.A. § 273(a)) and any such notice is now barred by the statute of limitations (26 U.S.C.A. § 275(a)).

"(2) No tax is due because it was overpaid by estimated declaration in the amount of $3,203.79 which has been retained by the Collector."

The complainant seeks judgment in the sum of $3,680.77.

The defendant has filed an answer and two amendments thereto.

In the original answer defendant admits complainant's claim to be on account stated, but in the amendment this is denied.

Defendant admits that complainant overpaid her 1945 income taxes in the sum of $1,751.49. Defendant further admits that upon demand complainant paid the further sum of $1,929.28, but denies that it was for additional income taxes for the year 1945. Defendant admits that none of these amounts have been refunded, and admits that complainant has never received any actual benefit from the overpayments as against taxes due by her for subsequent years.

The defendant contends:

1. Plaintiff filed timely income tax returns for the years 1945 and 1946 on or about March 15th, 1946 and 1947 respectively.

2. That on May 7th, 1951 plaintiff filed her claim for refund (Form 843) for the years 1945 and 1946.

3. Plaintiff did not file claim for refund within the period prescribed by Section 322 (b) (1) of the Internal Revenue Code.

4. That on May 24th, 1951 plaintiff filed an amended claim for refund (Form 843) for the year 1945.

5. Plaintiff did not file said claim for refund within the period prescribed by Section 322(b) (1) of the Internal Revenue Code, except as said claim relates to an assessment of August 8th, 1947 in the amount of $1,452.30, plus interest.

6. That by reason of the foregoing this Court lacks jurisdiction to grant the relief sought, with the exception of that portion of the complaint relating to the amended claim for refund filed for the year 1945 pertaining to an assessment of $1,452.30, plus interest.

7. That plaintiff filed an income tax return for the year 1945 on or about March 15th, 1946.

8. That said return indicated a tax liability of $2,097.36, a prepayment credit in the amount of $5,301.15 representing payments of estimated tax and an overpayment of tax of $3,203.79.

9. In the space provided on the return to indicate what disposition was to be made of the overpayments the taxpayer indicated the overpayment was to be credited to her 1946 estimated tax.

10. On May 26th, 1946 the Collector of Internal Revenue credited to the taxpayer's estimated income tax for the year 1946 the sum of $3,203.79.

11. By reason of the foregoing and by virtue of Section 322(a) (3), Title 26 U.S. C., and Section 29.322(3) Treasury Regulations 111, any informal claim for refund established by the taxpayer's income tax return for the year 1945 has been fully satisfied.

## Findings of Fact.

The facts are not disputed,—the stipulations of the parties and the agreed documents constitute the entire record and are adopted and made a part of the findings of fact herein.

The plaintiff taxpayer overpaid her 1945 income tax, due to an overestimate, in the sum of $1,751.49, and this sum has never been refunded, nor has she received any benefit from it as against taxes due by her for subsequent years.

In filing her income tax return for the year 1945 an overpayment was claimed in the amount of $3,203.79 and the taxpayer indicated that she wished the overpayment credited to her estimated tax for the year 1946. This was on Form 1040.

The Collector of Internal Revenue on May 26, 1946 credited plaintiff's estimated tax for the year 1946 with the claimed overpayment of $3,203.79 and made the following entry on the records in his office: "1945 No. 90991335–A–46 Credit Allowed $3,203.-79 Sch. IT–D–Bur–3381."

However, the taxpayer filed her estimate for the year 1946, made the payments thereon and paid the tax for the year 1946 in full independent of the credit entered by the Collector of Internal Revenue, but did not at the time of filing this return make any claim for the 1945 overpayment. The same is true of subsequent years.

On May 7, 1951 plaintiff taxpayer filed formal claim for refund of $3,203.79.

On May 21, 1951 the Collector of Internal Revenue made demand upon plaintiff for $1,452.30 additional tax and $476.98 interest on 1945 taxes, which plaintiff taxpayer paid. No statutory notice of deficiency was issued or given taxpayer.

On May 24, 1951 plaintiff filed an amended claim for refund of the $1,452.30 tax and the $476.98 interest paid upon such demand. This sum has never been refunded to plaintiff nor has she received any benefit from it.

### Conclusions of Law.

The first question to be determined is whether the claim for refund of the $1,751.49 (originally $3,203.79) is barred by the Statute of Limitations. In order to determine this question it may be necessary to determine whether plaintiff's claim had become an account stated, and the ordinary statute of three years ineffective and the six year statute effective.

▮ Plaintiff relies upon the entry of credit made by the Collector of Internal Revenue allowing a credit to taxpayer (in an erroneous amount) to create the account stated. No balance was arrived at as a result of computation and agreement. No account stated was created. See Daube v. United States, 289 U.S. 367, 53 S.Ct. 597, 77 L.Ed. 1261.

▮ The plaintiff contends that the filing of properly executed Form 1040 by the taxpayer constituted a valid claim for refund and this was filed within the statutory period. Treasury Regulation 111 (as promulgated under the Internal Revenue Code). Section 29.322–3 provides that such return on Form 1040 shall constitute a valid claim within the meaning of Section 322 of the Internal Revenue Code for refund, thus the claim here was filed within the statute. This is conceded by the defendant but the defendant contends that since the taxpayer elected that the overpayment be applied on the estimated tax for the subsequent year and the Collector made an entry in accordance with taxpayer's election that such entry fully satisfied and discharged the claim, even though the taxpayer never actually received the benefit of such credit entered by the Collector.

In order for the election of the taxpayer to have the overpayment applied to her tax estimate for the subsequent year and the Collector's entry to that effect to operate as a satisfaction and discharge of the taxpayer's claim for refund (return on Form 1040), there would have to be such a meeting of the minds, acknowledgement or admission of the sum due as would bring the transaction within the rule laid down in the case of Bonwit Teller & Co. v. United States, 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018 and A. G. Reeves Steel Const. Co. v. Weiss, 6 Cir., 119 F.2d 472, 477, which would create an account stated to which the six year statute of limitations would apply, and the claim for refund filed in 1951 would not be barred.

▮ The taxpayer never received a refund or any benefit from the overpayment. Her claim was filed in time, and a mere bookkeeping entry by the Collector can not, and does not, satisfy and discharge plaintiff's claim for refund. See Sitterding v. Commissioner of Internal Revenue, 4 Cir., 80 F.2d 939.

▮ A claim thus filed remains valid until rejected and for two years thereafter. 26 U.S.C.A. § 3772.

▮ Plaintiff's claim for $1,751.49 for overpayment of her income taxes for the year 1945 is not barred by the Statute of Limitations.

Plaintiff paid the additional assessment of $1,929.28 demanded of her in May of 1951 and filed a timely claim for refund on May 24, 1951. This is a valid claim.

The Plaintiff has overpaid her income taxes in the sum of $3,680.77, has filed valid claims for refund thereof and the claims are not barred by the Statute of Limitations and plaintiff is entitled to recover such amount in this action.

▮ The opinion of Judge McCord in Allen v. South Atlantic S. S. Co. of Delaware, 5 Cir., 177 F.2d 257, 259, that

"It is without dispute that this taxpayer overpaid its tax for the year 1940 in a substantial amount. * * * and now the Government seeks to escape

paying a just claim by pleading the statute of limitations. Under such circumstances, unless the mandate of the enactment inexorably requires such a construction, it would be manifestly unjust and inequitable to permit the Government to retain this tax. * * *",
is applicable here.

### Judgment.

In accordance with the foregoing findings and conclusions, it is

Considered, ordered and adjudged that the plaintiff, Mary Feen Rittenbaum, do have and recover of the defendant, United States of America, the sum of $3,680.79, together with interest at 6% per annum on $1,751.49 from March 15, 1947, and interest at 6% per annum on $1,929.28 from May 24, 1951.