**HOON KWAN YOUNG et al. v.
UNITED STATES.**

Civ. No. 1137.

United States District Court
D. Hawaii.

Feb. 19, 1953.

Dick Yin Wong, Honolulu, Hawaii, for plaintiffs.

A. William Barlow, U. S. Atty. District of Hawaii, Honolulu, Hawaii, Winston C. Ingman, Asst. U. S. Atty. District of Hawaii, Honolulu, Hawaii, for defendant.

McLAUGHLIN, Chief Judge.

Statement of Facts.

Plaintiff taxpayer filed his income tax return for 1946 on September 30, 1947. The

return showed that he had overpaid his income tax for 1946 because of an overestimate at the beginning of the year, and the Government was requested to apply this overpayment to the taxpayer's estimated tax for the year following, 1947.

In November 1947 the Collector of Internal Revenue issued a Certificate of Overpayment in the amount of $1960 which also stated that this sum would be applied as a credit to the account of the taxpayer for the following year, as requested on the taxpayer's 1946 return.

No returns were filed during 1947, 1948, 1949, or 1950, on the grounds that the plaintiffs did not have sufficient income to require the filing of any returns, or payment of any tax during those years.

In July, 1951, retrospective returns were filed for the preceding years, each showing no tax liability, asserting the claim for refund or credit of the original overpayment, and directing it be applied to tax liability, if any, for the year succeeding the date of each return.

Finally, demand was made in July, 1951 for the amount of the overpayment, with interest from the date of the original payment in 1947. The demand was refused by the Government in August, 1951 on the ground that the statute of limitations (two years after payment, or three years after filing of tax return) had barred the claim. Suit was brought by the taxpayer on the theory that the original claim for refund taken with the issue of the Certificate of Overpayment constituted an Account Stated (express or implied contract), on which the longer statute of limitations of six years had not run, and that therefore the plaintiffs were not barred from recovery.

I. Application of Statutes of Limitation.

The statute of limitations on claims for ordinary refunds of overpayments or overassessments is declared in 26 U.S.C. § 322(b) (1):

"* * * Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. If no return is filed by the taxpayer, then no credit or refund shall be allowed or made after two years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer."

In the case at bar, the only returns filed at the time of the transactions were the estimated returns for 1946 and the final return for that year. But the Government concedes that under existing regulations, it is its custom to treat the request for credit to future tax liability as a "claim for credit or refund" within the language of the statute. Here this taxpayer has satisfied the formal demands of the statute by his tax returns, but it appears that this fact situation is not the ordinary claim for refund which the Congress must have had in mind in writing 322(b) (1). Therefore although there may be an applicable statutory limitation to this type of claim, it is not the one stated in the above section of the Internal Revenue Code.

It is stated by plaintiffs in their pleadings that alternative causes of action for this refund are set out in the complaint, the first being under 28 U.S.C. § 1346(a) (1), for "recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected". The second is claimed to arise under 28 U.S.C. § 1346 (a) (2), a civil action "founded * * * upon any express or implied contract with the United States * * *". The limitation prescribed by Congress for commencing this type of action is set at six years in 28 U.S.C. § 2401(a). While there is serious doubt whether this limitation will be applicable in the case of erroneously or illegally collected income taxes, in view of the specific period set at two or three years by the Internal Revenue Code, supra, if plaintiffs can bring themselves within the express or implied contract provisions, the longer statutory limitation may permit their action.

## II. Determination of the Express or Implied Promise.

There need not be an express promise to pay or repay money, where the circumstances indicate that an account has been stated. Such a statement requires a reckoning between the parties, with an acknowledgment of a specific amount of liability on a basis of mutual agreement. This is then sufficient to permit the implication of a promise to pay the amount. Vachon & Sterling v. Northern Navigation Co., 9 Cir., 1917, 241 F. 866, 868.

As applied in income tax cases, Bonwit Teller & Co. v. United States, 1931, 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018, and succeeding cases have indicated that a certificate of overpayment or over-assessment may serve as the basis for a finding of an Account Stated, but there must be more than the mere certificate; there must be a showing of mutual recognition of the accounting between the parties. The case of Daube v. United States, 59 F.2d 842, 75 Ct.Cl. 633, affirmed 1933, 289 U.S. 367, 53 S.Ct. 597, 77 L.Ed. 1261, for example, held that a certificate intercepted before delivery to the taxpayer because of the discovery of errors in computation would not be sufficient. In Stearns Co. v. United States, 1934, 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647, the question involved prior deficiencies, and application of the overpayment to them before anything would be due the taxpayer; there was no final agreement by the parties as to either the period of accounting, or the amount due, and the certificate was clearly limited to the year of its issue only. In the instant case, however, there is no indication of prior deficiencies, nor was there any indication of any specific future liability at that time.

In the recent case of Rittenbaum v. United States, D.C. N.D. Ga., 109 F.Supp. 480, cited by the plaintiff, the Court reaffirmed the above requirements for an account stated, but held that a mere credit to the account of the taxpayer by the Government would not be sufficient to state such an account. It further said that crediting the account of the **taxpayer would** not be sufficient to discharge the claim of the taxpayer for refund of taxes paid in excess, and that the claim would persist.

After consideration of these principles, it is clear that the assertion of overpayment by the taxpayer, coupled with the issue of the certificate of overpayment by the Collector, results in the statement of an account, for the recovery of which this action may still be maintained.

The fact that the taxpayer requested application of the account stated to his future possible tax liabilities is not considered sufficient to change the legal result of the exchange of documents as a statement of account, especially where it appears that no further tax liabilities resulted. This again is supported by the Rittenbaum case, supra, which disapproved of the proposition that a mere bookkeeping entry is sufficient to discharge a credit in favor of a taxpayer—even where tax liability existed. A fortiori, it would not do so where it is admitted that no taxes for later years were due, which could act as a debit to that credit balance. This seems to be reinforced by 26 U.S.C. § 3770 (c) which appears to say that an overpayment may still be considered such, even though there is no actual tax liability existing at the time of the overpayment.

## III. The Claim for Interest.

Plaintiffs claim the benefit of 28 U.S.C. § 2411, providing for interest at 6% from the date the overpayment was collected until 30 days prior to the date of the refund check when the claim is granted. But this must assume that the claim was maintained consistently that the money be refunded or remitted. Here, the plaintiffs themselves have asked the Government to hold the money for their use, and they cannot claim to have been expecting receipt of the refund during the entire period in question. Therefore, for the purpose of determining actual right or claim to the beneficial use of the money involved, the request by the taxpayers on their 1946 return for application to future taxes due serves as the foundation for the account stated, completed by issue of the Certificate

of Overpayment by the Government. Thereafter, the fund of $1960 becomes analogous to the corpus of a trust—to be applied to the use of the taxpayers, although in the hands of the Government. Having been instructed to hold the money for this purpose, the Government should not be considered under obligation to repay it until demanded by the taxpayer. The refusal of this demand, however, may be considered a means of ascertaining the due date, with the duty to pay interest from then on—in this case, from August, 1951.

It is the judgment of this Court that plaintiffs receive the sum of $1960 with interest from August, 1951, at the rate of 6%, plus costs as limited by 28 U.S.C. § 2412(b) to costs actually incurred for witnesses and fees paid to the Clerk. Rule 54(d), F.R.C.P., 28 U.S.C.