CENTRAL OUTDOOR ADVERTISING COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42346.   Filed June 11, 1954.

*Orlin F. Goudy, Esq.*, and *John L. Reeves, C. P. A.*, for the petitioner.

*Michael J. Clare, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner disallowed in part an application of the petitioner for relief under section 722 of the Internal Revenue Code stating:

It has been determined that the relief requested should be allowed in part. However, the amount refundable is limited by section 322 of the Code to $949.83, the deficiency of excess profits tax paid within the two year period prior to the filing of your application for relief on Form 991.

The only issue for decision is whether the petitioner filed its application for relief within the 3-year period prescribed by sections 722 (d) and 322 (b). The stipulation of facts and all exhibits are incorporated herein by reference as the findings of fact.

The petitioner filed its corporation excess profits tax return for the calendar year 1941 on March 14, 1942, and on that day paid $6,213.79, representing one-fourth of the excess profits tax shown on that return. The petitioner's application for relief under section 722 was filed with the Commissioner on March 15, 1945.

Section 322 (b) (1), prior to the amendments contained in the Revenue Act of 1942, provided that no credit or refund should be allowed unless a claim had been filed by the taxpayer within 3 years after "the return was filed by the taxpayer" or within 2 years from the time the tax was paid, whichever of the two periods expired later. That provision was enacted prior to the first enactment of section 722 which was added to the Code in 1940. Section 201 of the Second Revenue Act of 1940, approved October 8, 1940, added to the Code for the first time a section 722 in which no reference was made to any period of limitation. Section 6 of the Excess Profits Tax Amendments of 1941, approved March 7, 1941, amended section 722 by adding a number of paragraphs, one of which provided periods of limitation

on the filing of applications for relief under section 722, which had no reference to section 322. Section 169 (a) of the Revenue Act of 1942, approved October 21, 1942, amended section 322 (b) to include a subsection (4) providing that returns filed prior to a due date and payments made prior to a due date would be considered filed and paid on the due date so that the period of limitations on the filing of a claim for refund would begin to run from the later due date as opposed to the earlier filing or payment date. That was to encourage early filing and payment. There was a general provision in the Revenue Act of 1942 that the amendments made would be applicable only with respect to taxable years beginning after December 31, 1941, "except as otherwise expressly provided" and nothing was expressly provided otherwise with respect to the addition of section 322 (b) (4). Incidently, there was no prior time to which Congress could want logically to make this particular provision apply.

Section 222 of the Revenue Act of 1942 amended section 722 of the Code and one of the amendments was to provide in paragraph (d), as its own limitation period on applications for relief, that:

The benefits of this section shall not be allowed unless the taxpayer, not later than 6 months after the date prescribed by law for the filing of its return, or if the application relates to a taxable year beginning after December 31, 1939, but not beginning after December 31, 1941, within 6 months after the date of the enactment of the Revenue Act of 1942, makes application therefor * * *

The obvious purpose of Congress in thus differentiating between applications relating to years beginning after December 31, 1941, as opposed to those beginning earlier was that section 722 applied retroactively to the earlier years and, while the returns for the later years had not yet been filed, those for the earlier years might have been filed, so the period for the earlier years was made to start with the Revenue Act of 1942 whereas the period for the later years was to begin on the date prescribed by law for the filing of the return. Ways and Means Committee Rept. No. 722, 78th Cong., 1st Sess., p. 1. Congress found that the periods thus fixed for filing applications for relief under section 722 had proved to be too short so it extended the time by an act approved December 17, 1943. Pub. L. No. 201, 78th Cong., 1st Sess., ch. 346, 57 Stat. 566. The amendment was to apply to all years beginning after December 31, 1939, and it provided:

The benefits of this section shall not be allowed unless the taxpayer within the period of time prescribed by section 322 and subject to the limitation as to the amount of credit or refund prescribed in such section makes application therefor * * *.

Section 322 (b) (4), as it existed at that time, contained the general provision described above that returns filed prior to a due date and

payments made prior to a due date would be considered filed and paid on the due date for starting the period of limitations on filing claims for refund.

The Commissioner argues that since the year here involved is the calendar year 1941, section 322 (b) (4), as it existed on December 17, 1943, when the amendment to section 722 (d) was enacted, is not the provision which Congress intended to have applied; section 322 must be examined historically to find what it provided with regard to claims for refund relating to the calendar year 1941; such examination discloses that the 1942 amendment enacting the new section 322 (b) (4) provision did not apply retroactively to 1941 and section 322 (b) (1), as it existed prior to the 1942 amendment, provided that a claim for refund had to be filed by the taxpayer within 3 years after "the return was filed by the taxpayer" or within 2 years from the time the tax was paid, whichever of the two periods expired later; and therefore the claim in this case was filed 1 day too late to be within 3 years from the time the return was filed.

Section 322 (b) (1) might apply, as the Commissioner contends, if this were the usual claim for refund rather than an application for relief under section 722. See, however, *Allen* v. *South Atlantic S. S. Co. of Delaware*, 177 F. 2d 257. But Congress and the Commissioner have consistently and repeatedly distinguished between the two. The distinctions are clear and quite necessary. For example, the Commissioner has required use of different forms, Form 991 for applications for relief under section 722 and Form 843 for claims for refund. See Regs. 112, sec. 35.722–5. Congress originally made separate provisions for the period of limitations on the filing of applications for relief under section 722 which were wholly different from the periods provided in section 322 for claims for refund. Congress, later in 1943, for convenience, adopted the periods provided in section 322. It could have had no reason at that time to provide a shorter period for filing applications relating to taxable years beginning in 1940 and 1941, starting those from the filing or payment date, where that was prior to the due date, while starting the period for filing applications relating to later years from the due date. It seems proper to conclude that Congress, by adopting the provisions of section 322, meant to adopt the general provisions of that section as they existed at the date of adoption, December 17, 1943, and intended to make the then existing section 322 (b) (4) apply to all applications for relief under section 722 rather than to discriminate against those for the earlier years. This produces a more reasonable result than that contended for by the Commissioner and it is held that the period of limitations on the filing of the application here involved began to run from the due date

for the return and payment rather than from the date of filing of the return and the date of payment of the first installment of the tax. The application was timely filed.

The parties have stipulated the exact tax consequences if the petitioner's application for relief was not barred by section 322.

Reviewed by the Special Division.

> *Decision will be entered pursuant to paragraph 11 of the stipulation.*