KALTREIDER CONSTRUCTION, INC.

v.

UNITED STATES of America, Appellant.

No. 13827.

United States Court of Appeals Third Circuit.

Argued April 3, 1962.
Filed May 22, 1962.

John A. Bailey, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, Attorneys, Department of Justice, Washington, D. C.; Bernard J. Brown, U. S. Atty., Daniel R. Minnick, Asst. U. S. Atty., on the brief) for appellant.

Robert H. Griffith, York, Pa., for appellee.

Before GOODRICH and GANEY, Circuit Judges, and SHERIDAN, District Judge.

GOODRICH, Circuit Judge.

██ This is an appeal by the United States from a judgment in favor of a taxpayer who sued for refund in the District Court for the Middle District of Pennsylvania. 192 F.Supp. 229 (1961). The point is narrow and technical. We think the district court was in error in deciding in favor of the taxpayer.

The facts are undisputed and both the taxpayer and the Government agree that the statute applicable to the case is section 322 of the Internal Revenue Code of 1939, 26 U.S.C. § 322. The application of the statute to the set of facts is what makes the litigation.

Kaltreider Construction, Inc. (the corporation), filed an income tax return for the year 1952 on March 16, 1953. On March 16, 1956, the corporation filed an amended return in which it showed an additional tax due for the year 1952 in the amount of $3,289.69. This amount was paid on the same date. The trouble comes in what happened next. On May 21, 1958, the Court of Appeals for the Third Circuit, 255 F.2d 833 (1958), decided that the amount reported by the corporation in its 1956 amended return should in fact have been reported and paid by Walter H. Kaltreider and Irene C. Kaltreider, the owners of the corporation, as individuals. Thus, the corporation paid a tax which this Court said was the tax of the individuals and not of the corporation.

Shortly after the decision of this Court the corporation filed a claim for refund of the $3,289.69 which it paid in 1956. This was rejected by the Commissioner on the ground that the claim was not timely filed. Following the rejection of the claim this suit was filed on February 12, 1960.

Section 7422 of the Internal Revenue Code of 1954, 26 U.S.C. § 7422 provides that no suit for refund will lie until a claim has been filed. Section 322 of the 1939 Code is the provision which provides the period of limitation for the filing of the claim for credit or refund. The claim must be made within three years after the return is filed by the taxpayer or within two years from the time the tax is paid. The provision

is explicit that no credit or refund shall be allowed after the expiration of whichever of these periods expires the later.[1]

From an examination of the dates set out above it is apparent that the corporation's claim for refund was not filed within the time specified. The argument is, however, that the three-year period should begin to run from the time the amended return was filed on March 16, 1956. The taxpayer, as well as the Government, quotes from 10 Mertens, Federal Income Taxation, § 57.15, as follows:

"Amended Returns. When the return required by law has been filed and thereafter an amended return is filed, the statute of limitations begins to run from the date the original return was filed, and the filing of the amended return does not operate to extend the statute. The first return, however, must be complete and meet the statutory requirements; the statute of limitations will begin only upon the filing of a proper return. It is not always easy to determine whether the problem involves a 'tentative,' 'defective,' 'amended' or 'original' return. Care must be exercised to prevent the facts from being confused by the terminology used."

There is nothing to indicate that there was anything tentative or defective in taxpayer's original return. We think that the case comes squarely within Mertens' language and that the date of the original return governs. The point is not dissimilar to that regarding the time of payment which this Court considered in Hill v. U. S., 3 Cir., 263 F.2d 885 (1959).

The taxpayer suggests that its claim for refund was premature until this Court had decided the question of the individual liability of the Kaltreiders. We do not see the force of this argument. The Court had before it the question not of the corporation's liability but rather that of the owners of the corporation.

■■ The Government's brief emphasizes the undoubted proposition that it is only by its consent that the United States may be sued. All this is, of course, true, but we can settle this case without going into the immunity of the United States as a sovereign. The statute prescribes the period of limitation. Neither this Court nor the taxpayer can enlarge that period of limitation beyond what Congress has prescribed. Cf. Richardson v. Smith, 3 Cir., 1962, 301 F.2d 305. To support the taxpayer's position in this case would involve just that. The language of the Supreme Court in Zellerbach Paper Co. v. Helvering, 293 U.S. 172, 177–178, 55 S.Ct. 127, 79 L.Ed. 264 (1934), is directly in point. There the Court said: "[T]he return exacted by the statute, the one that in the absence of fraud is to start the term of limitation * * *, is the return filed by the taxpayer at the close of the fiscal year, though supplementary information may modify or add to it. * * * *" Such cases as Rosenman v. United States, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945), involving tentative payments made under protest or payments placed into a "suspense" fund, are not pertinent here. We see no reason for departing from a literal application of the statute.

■ It is inappropriate for us to discuss whether or not the taxpayer could have taken steps to avoid this situation during the pendency of the previous action in the Tax Court and in this Court. Statutes of limitation frequently involve some hardship, but the alleviation of that

---

1. Int.Rev.Code of 1939, § 322(b) (1), provides in pertinent part, as follows:
"(1) *Period of limitation.* Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. * * * *"

hardship is a matter of policy for the Congress.

The judgment of the district court will be reversed and the case remanded with directions to enter judgment for the defendant.