**John A. GREENE, Receiver For The Great Global Assurance Company, in Liquidation, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

### No. 99–5016.

United States Court of Appeals,
Federal Circuit.

Aug. 16, 1999.

Douglas J. Schmidt, Blackwell Sanders Peper Martin, Kansas City, Missouri, argued, for plaintiff-appellant. Of counsel was Ernest M. Fleischer.

Robert W. Metzler, Attorney, Tax Division, U.S. Department of Justice, Washington, DC, argued, for defendant-appellee. With him on the brief were Loretta C. Argrett, Assistant Attorney General, and David I. Pincus, Attorney.

Before MICHEL, LOURIE, and RADER, Circuit Judges.

LOURIE, Circuit Judge.

John A. Greene, receiver for the Great Global Assurance Company (GGAC), appeals from the decision of the United States Court of Federal Claims that dismissed his tax refund claim on the ground that the statute of limitations had run. *See Green v. United States,* 42 Fed. Cl. 18 (1998). Because we conclude that the trial court misconstrued the statute, we reverse.

## BACKGROUND

During the 1983 taxable year, GGAC was a life insurance company subject to the "three-phase" taxation procedure of the Life Insurance Company Income Tax Act of 1959. *See* Pub.L. No. 86–69, 73 Stat. 112 (1959). Pursuant to this procedure, life insurance companies were obligated to shelter one-half of their underwriting income into a "policyholders surplus account." *See* 26 U.S.C. § 815(c) (1982). Taxation of such income, otherwise known as "phase 3 income," was deferred until one of several events occurred. One such event, and the one relevant to this case, is when "for any two successive taxable years

the taxpayer is not a life insurance company." *See id.* § 815(d)(2)(A)(ii) (1982); *see also id.* § 801(a) (defining "life insurance company"). In such a case, the phase 3 income becomes taxable as of the last year that the taxpayer operated as a life insurance company.[1] *See id.* § 815(d)(2)(A).

GGAC filed its 1983 tax return on September 17, 1984. Because it had been operating as a life insurance company, it did not report its phase 3 income on that return. However, GGAC did not qualify as a life insurance company in tax years 1984 and 1985 and accordingly became liable to pay a tax on the phase 3 income. Greene[2] reported this income and paid this tax in the form of an amended 1983 tax return on July 9, 1990.[3]

Greene later determined that the phase 3 income tax was paid in error.[4] Thus, on July 8, 1993, almost three years after filing the amended return, Greene filed a claim for a refund of the phase 3 tax. *See* 26 U.S.C. § 7422(a) (1994). The Internal Revenue Service (IRS) denied Greene's claim on the ground that it was time-barred under the applicable statute of limitations. That statute provides in relevant part that a

claim for ... refund of an overpayment of any tax in respect of which tax that taxpayer is required to file a return shall be filed by the taxpayer within three years from the time the return was filed or two years from the time the tax was paid, whichever of such periods expires the later....

26 U.S.C. § 6511(a) (1994). Greene thereafter filed a claim for refund in the Court of Federal Claims. *See* 28 U.S.C. § 1346(a)(1) (1994). The court agreed with the IRS that Greene's claim had not been timely filed, citing the Supreme Court's opinion in *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 55 S.Ct. 127, 79 L.Ed. 264 (1934) in support of its conclusion. In that case, the Supreme Court stated that "[t]he return exacted by the statute [[5]], the one that in the absence of fraud is to start the term of the limitation ... is the return filed by the taxpayer at the close of the fiscal year, though supplementary information may modify or add to it." *Zellerbach*, 293 U.S. at 177–78, 55 S.Ct. 127. On the strength of that language, the court reasoned that the "return" referred to in § 6511(a) was GGAC's September 17, 1984 return, and accordingly that GGAC had three years from that date in which to file a refund claim.[6] The

---

1. Further details concerning this taxation procedure can be found in the trial court's opinion. See *Green*, 42 Fed. Cl. at 20–21.

2. We refer to all of GGAC's previous receivers by the name of its present receiver, *viz.*, Greene.

3. While it may seem that GGAC was dilatory in declaring its phase 3 income, considering that it knew (or should have known) that it was liable for a tax on this income at some point after January 1, 1986 (*i.e.*, after the completion of two taxable years in which it was not acting as a life insurance company), neither party asserts that GGAC's 1990 filing was untimely.

4. Greene claims that he did not have to pay the phase 3 tax and therefore that GGAC is entitled to a refund because: "(1) Under Arizona law for the relevant period, [*see* 15 U.S.C. § 1012(b)], the Taxpayer's Receivership has insufficient funds to satisfy claims of policyholders, whose priority to [sic] payment in the Receivership is senior to the claims of

the IRS," and "(2) No phase 3 tax is applicable in a receivership where shareholders receive nothing, since such tax 'is designed to give assurance that underwriting gains made available to shareholders will be subject to the full payment of tax.' H.R.Rep. No. [86–34 (1959)]."

5. The "statute" at issue in *Zellerbach* was the statute of limitations that governed government assessment actions. It was the precursor to § 6501(a), which currently states that "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed...." 26 U.S.C. § 6501(a) (1994).

6. Both parties agree that the two-year bar of § 6511(a), *i.e.*, that a claim for a refund be filed within two years of the payment of the tax, does not benefit Greene because he filed his claim for refund more than two years after he paid the tax in 1990.

court rejected Greene's argument that the July 9, 1990 filing was the first return in which the facts necessary to establish GGAC's phase 3 liability had been established, and therefore that this later return should start the running of the limitations period. Finding the limitations period of § 6511(a) to be jurisdictional in nature, *see Sun Chem. Corp. v. United States,* 698 F.2d 1203, 1206 (Fed.Cir.1983) ("[I]t is a well-established rule that a timely, sufficient claim for a refund is a jurisdictional prerequisite to a refund suit."), the court dismissed Greene's refund suit for lack of subject matter jurisdiction.

Greene appealed the dismissal to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (1994).

## DISCUSSION

■ The proper construction of § 6511(a), like the construction of all statutes, is a question of law that we review de novo. *See, e.g., Suramerica de Aleaciones Laminadas, C.A. v. United States,* 966 F.2d 660, 663 (Fed.Cir.1992).

■ Greene argues that the 1983 return cannot be the "return" referred to in § 6511(a) because GGAC could not pay the phase 3 tax until after 1985 when it ceased to be an insurance company for two successive years, well after the 1983 return was filed. Greene asserts that it is illogical for the trial court to conclude that GGAC sought a refund of the phase 3 tax based on the 1983 return when it did not (and could not) declare the phase 3 income on that return. The government responds that the "return" of § 6511(a) refers to the original return for a given year, not to returns which amend or supplement that return. Both Greene and the government cite various portions of the legislative history of § 6511 and of § 6501, which is the statute of limitations prescribing the time period in which the government must bring a tax *assessment* suit, *see* note 4 *supra,* in support of their positions.

We agree with Greene that the Court of Federal Claims misconstrued § 6511(a). Our resolution requires us to look no fur-

ther than the plain language of the statute. *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980) ("[T]he starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive."). Section 6511(a) provides that a "claim for ... refund of an overpayment of any tax *in respect of which tax that taxpayer is required to file a return* shall be filed by the taxpayer within three years from the time *the return was filed ....*" 26 U.S.C. § 6511(a) (1994) (emphasis added). In this case, where the events giving rise to the tax necessarily took place after the taxable year, the return that starts the running of the statute is the return in which the taxpayer is required to or does report the income. Here, both parties concede that the phase 3 income was not required to be reported on GGAC's 1983 tax return; in fact, it could not be so reported because GGAC's liability had not been established at the time of the filing of that return. Therefore, contrary to the conclusion of the Court of Federal Claims, the 1983 return cannot be the return that starts the running of the three-year limitations period. Because there apparently was no date on which the return showing the phase 3 income was required to be filed, and hence no other such return was filed, the 1990 amended return is the only return that could have started the running of the limitations period. It reported the "overpayment of [the] tax in respect of which tax [the] taxpayer [was] required to file [the] return."

The Supreme Court's *Zellerbach* decision is not on point. In *Zellerbach,* the taxpayers timely filed their 1920 tax returns in the middle of 1921. See *Zellerbach,* 293 U.S. at 174, 55 S.Ct. 127. Later in 1921, the tax laws were changed and were given retroactive effect to the beginning of the year. See *id.* This change required the taxpayer to file a supplemental return and pay an additional $667 in

taxes; the taxpayer did neither. See *id.* at 174–75, 55 S.Ct. 127. In 1928, the Bureau of Internal Revenue sent the taxpayer a notice of deficiency unrelated to the $667 owed, despite the fact that the statute of limitations on assessment actions brought by the government was set at four years from the time of the filing of the taxpayer's return. See *id.* at 175, 55 S.Ct. 127. The government contended that the statute did not begin to run because the original return was rendered a "nullity" by the later change in the law. See *id.* at 175–76, 55 S.Ct. 127. The Court disagreed that the new statute had this effect, see *id.* at 177, 55 S.Ct. 127 ("[T]he inference is a fair one that returns already filed [under the old act] were continued in effect, being treated as if made under the new act, which thus adopted and renewed them."), and held that the filing of the original returns started the running of the statute of limitations. The Court thus concluded that "[t]he return exacted by the [predecessor statute to § 6501], the one that in the absence of fraud is to start the term of the limitation … is the return filed by the taxpayer at the close of the fiscal year, though supplementary information may modify or add to it." *Zellerbach*, 293 U.S. at 177–78, 55 S.Ct. 127.

When this quotation is read in context, it is clear that the Court did not announce a general rule applicable in all circumstances, but rather a rule specific to the circumstances before it. *Zellerbach* dealt only with the statute of limitations governing *assessments* by the government, not *refund* requests by a taxpayer. In contrast, the refund statute of limitations of § 6511(a) makes it clear that under the circumstances present here Greene's 1983 return could not be the "return" that starts the running of the statute. When the above-quoted language in *Zellerbach* is considered in light of the facts of that case,

it is clear that it does not apply to the facts of this case.[7]

Moreover, we have considered the legislative history cited to us by both parties, but do not find the inferences that either party would have us draw from it compelling. These inferences do not rise to the level of a "clearly expressed legislative intention" that is contrary to the plain language of § 6511(a). *See Consumer Prod. Safety*, 447 U.S. at 108, 100 S.Ct. 2051.

## CONCLUSION

The Court of Federal Claims erred in construing § 6511(a). Under the correct construction, Greene's refund action is not time barred and the court therefore has jurisdiction to hear the claim for refund. Accordingly, the decision of the court is

### *REVERSED.*

---

**7.** We note that the Third Circuit in *Kaltreider Construction, Inc. v. United States*, 303 F.2d 366 (3d Cir.1962), applied the above-quoted sentence from *Zellerbach* in the same manner as the government here urges in interpreting

the precursor of the § 6511(a) refund statute of limitation. However, the facts in that case are different and do not involve a phase 3 tax, where liability was not known until at least two years after the taxable year.