## GARVIN v. UNITED STATES.
### No. 558–52.

United States Court of Claims.
April 7, 1953.

Wilburn Garvin, pro se.

John A. Rees, Washington, D. C., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Washington, D. C., on the briefs, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

This is a claim for refund of income taxes withheld from earnings of plaintiff during the years 1945, 1946 and 1947. Plaintiff filed neither an income tax return nor claim for refund for the periods mentioned above until June 1, 1951, when Treasury Department forms 1040(A) were filed with the Collector of Internal Revenue, Chicago, Illinois. The Collector thereupon advised plaintiff that section 322 (b) (1), 26 U.S.C. precluded any refund. The petition was filed in this court on November 6, 1952 and defendant has moved to dismiss.

The controlling provision of the Internal Revenue Code in the instant case is section 322(b) (2) of Title 26 United States Code.[1] This section prohibits the payment of any refund in excess of the portion of the tax paid during the three years immediately preceding the filing of the claim.

The facts of the case now before us fall squarely within the situation contemplated by the provision mentioned

[1] "The amount of the credit or refund shall not exceed the portion of the tax paid—

"(A) If a return was filed by the taxpayer, and the claim was filed within three years from the time the return was filed, during the three years immediately preceding the filing of the claim." See Senate Report No. 1631, 77th Congress, 2d Session, p. 155.

266

above. On filing Treasury Department form 1040(A) on June 1, 1951, plaintiff simultaneously filed a claim for refund. The statute clearly states that "The amount of the * * * refund shall not exceed the portion of the tax paid * * * during the three years immediately preceding the filing of the claim." In this instance, any refund could not exceed the portion of the tax paid since June 1, 1948. Since all alleged overpayments here in question are for years prior to 1948, any recovery by plaintiff is precluded by the statute. The only allegations designed to excuse the late filing of the claim for refund are to the effect that plaintiff was evading arrest by law enforcement agencies during the period in question. This would not justify us in disregarding the legislative mandate defining the period during which refunds of taxes withheld may be obtained.

Defendant's motion is granted and the petition is dismissed.

It is so ordered.

HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.