DAVID H. BARAL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baral v. Commissioner
Docket No. 7912-76.
United States Tax Court
T.C. Memo 1978-383; 1978 Tax Ct. Memo LEXIS 129; 37 T.C.M. (CCH) 1569; T.C.M. (RIA) 78383; September 26, 1978, Filed David H. Baral, pro se. Marguerite F. Gramza, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1969 in the amount of $ 165.30. Petitioner filed a petition claiming a refund based upon an overpayment of his 1969 taxes. The two issues for our determination are: (1) Whether respondent properly ignored the amounts withheld from petitioner's wages in payment *132 of his tax liability in computing the deficiency, and (2) whether section 6512(b)(2)[1] permits this Court to allow petitioner a refund for overpayments of tax. FINDINGS OF FACT Some of the facts have been stipulated and are so found.The stipulation of facts, together with the attached exhibits, are incorporated herein by this reference. Petitioner, David H. Baral, resided in Greenbelt, Maryland at the time he filed the petition in this case. Upon being informed that respondent had no record of ever having received his 1969 Federal income tax return, petitioner searched his records but was unable to produce a copy of the return. Petitioner then filed a 1969 Federal income tax return on January 29, 1975. Among other deductions, petitioner claimed a $ 150 deduction for legal expenses incurred in connection with the collection of income, and a $ 1,000 casualty loss. Respondent issued a notice of deficiency for 1969 to petitioner on May 26, 1976. The amount of the deficiency was determined as follows: Corrected tax liability
$ 248.80
Tax shown on return or as
previously adjusted
83.50
Statutory deficiency
165.30
*133 This increase in petitioner's tax liability is due to two adjustments made by respondent. Respondent disallowed the entire amount of petitioner's claimed $ 150 legal expense, and disallowed $ 800 of his $ 1,000 casualty loss deduction. Petitioner now concedes these issues, and does not dispute the accuracy of the above amounts as they appear in the notice of deficiency. In a timely filed petition to this Court, petitioner alleges that the amounts withheld from his wages as income tax payments exceeded his corrected tax liability as determined in the notice of deficiency and, therefore, counterclaims for the difference. Respondent, in an amended answer, admits that petitioner paid $ 371 in taxes in 1969, but asserts that petitioner has not filed a timely claim for this overpayment. Petitioner first filed his 1969 Federal income tax return on January 29, 1975, and this return constitutes his first claim for refund of overpayments of his 1969 Federal income taxes. OPINION Petitioner does not contest respondent's determination that his tax liability for 1969 totaled $ 248.80 while the amount shown on the return after adjustments totaled $ 83.50. However, petitioner contends *134 that respondent erred in failing to consider the amounts withheld from his wages in payment of tax (hereinafter referred to as withholdings) in computing the deficiency. Additionally, petitioner contends that his withholdings for 1969 exceeded his tax liability as determined by respondent, and he seeks a return of this overpayment. Respondent concedes that petitioner's withholdings total $ 371, and that this exceeds his 1969 tax liability by $ 122.20.Nevertheless, respondent argues that the $ 165.30 deficiency was properly computed under section 6211. He also challenges petitioner's demand for a refund of overpayments under section 6512(b)(2), although conceding that the withholdings do constitute payment in full satisfaction of petitioner's tax liability. For the following reasons we must agree with respondent's position on both issues. Section 6211(a) defines the term "deficiency" as follows: [The] term "deficiency" means the amount by which the tax imposed * * * exceeds the excess of-- (1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return *135 was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over-- (2) the amount of rebates, as defined in subsection (b)(2), made. Since no "rebates" (as defined in section 6211(b)(2)) have been made, the statutorily defined "deficiency" in this case is the difference between the Federal income "tax imposed" upon petitioner for 1969 ($ 248.80), and the sum of the amount shown on the return plus "amounts previously assessed (or collected without assessment) as a deficiency" ($ 83.50). While section 31 provides that petitioner's withholdings constitute a credit against his ultimate tax liability, section 6211(b)(1) provides that, in computing the deficiency, "[the] tax imposed * * * and the tax shown on the return shall both be determined * * * without regard to the credit under section 31 * * *." Furthermore these withholdings are not amounts "collected * * * asadeficiency" under section 6211(a)(1)(B). (Emphasis added). Thus, petitioner's deficiency must be determined without regard to his withholdings. Section 301.6211-1(b) and (e), Proced. *136 & Admin. Regs.; Redcay v. Commissioner,12 T.C. 806 (1949); S. Rept. No. 885, 78th Cong., 2d Sess. (1944), 1944 C.B. 858, 887-89. [2] We conclude that respondent properly determined the existence of a $ 165.30 deficiency. The existence of this deficiency does not, however, preclude our finding of an overpayment for the same year. Bolnick v. Commissioner,44 T.C. 245 (1965); Keefe v. Commissioner,15 T.C. 947 (1950); S. Rep. No. 885, supra, at 889. Section 6512(b)(1) states in pertinent part that, "[except] as provided by paragraph (2) * * * if the Tax Court * * * finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, *137 when the decision of the Tax Court has become final, be credited or refunded to the taxpayer." Furthermore, "in determining the amount of an overpayment, albeit for the same year for which we may determine a deficiency, we are to take into account payments made by the taxpayer by withholding." Bolnick v. Commissioner,supra at 258.
However, our authority to determine an overpayment is sharply limited. Section 6511 generally requires that a claim for a refund be filed within three years from the time the return was filed or within two years from the time the tax was paid, whichever date is later. Section 6511(b)(2) generally limits the amount that may be claimed as a credit or refund to the portion of the tax paid within the two or three year period applicable. [3]
*138 Section 6512(b)(2)(B) limits our authority to determine refunds and credits to overpayments that would have been refundable to the petitioner under section 6511(b)(2) (amounts paid within the applicable two or three year period) if on the date the notice of deficiency was issued, he had filed a claim for such amount, regardless of whether such a claim actually was filed. See section 301.6512-1(b)(2), Proced. & Admin. Regs. Section 6512(b)(2)(C) imposes similar limits on the amount of refunds and credits we may allow where a timely claim for refund has been filed before the date the deficiency notice is mailed. [4]
*139 Petitioner first filed his 1969 Federal income tax return on January 29, 1975, and this return also constituted a refund claim under section 301.6402-3(b), Proced. & Admin. Regs. The statute therefore limits the refund allowable to petitioner herein to those overpayments made within the 3 years immediately preceding the filing of the return which is considered as a claim for refund. Section 6512(b)(2)(C) and section 6511(b)(2)(A). Therefore, petitioner is only entitled to a refund of overpayment that he made after January 29, 1972. The withholdings involved in this case were all made during calendar year 1969, and are deemed paid on April 15, 1970. [5] Section 6513(b)(1); Section 301.6513-1(b), Proced. & Admin. Regs.; Chemical Bank of New York Trust Co. v. United States,275 F. Supp. 26 (S.D.N.Y. 1967), affd. per curiam 386 F.2d 995 (2d Cir. 1967); York v. United States,211 Ct. Cl. 356 (1976); Mullin v. United States, an unreported case ( E.D. Mo. 1977, 40 A.F.T.R. 2d 77-5932, 77-2U.S.T.C. par. 9689). Thus, we must conclude that petitioner's overpayments are not allowable under section 6511(b)(2). *140 Nevertheless, petitioner disputes our conclusion by arguing that he filed a timely Federal income tax return for 1969 claiming a refund of his overpayments by April 15, 1970. However he admits that he has no actual memory of filing this tax return and he is unable to locate a copy of his return. His testimony that he did file a timely return is admittedly based on his conclusion that since he usually filed timely returns and does not remember not having filed one for 1969, he probably did file a return. Respondent has no record of having received petitioner's 1969 return prior to 1975. Additionally, we find it unlikely that petitioner, who admitted not having previously received a refund of his 1969 overpayment would fail to inquire with respondent as to the delay in refunding the overpayment if he had in fact filed an earlier return. We must conclude from this evidence that petitioner first filed a 1969 tax return on January 29, 1975. In summary, we conclude that a $ 165.30 deficiency exists and that no part of petitioner's $ 122.20 overpayment is allowable. We want to make it explicit however that our opinion does not mean that petitioner actually owes the Government $ *141 165.30. The term deficiency is not equivalent to a liability, [6] and while the statute of limitations for claiming refunds of overpayments for 1969 has expired, there is no comparable provision limiting the period within which withholdings are effective under section 31 as a credit against the current, actual tax liability.[7] Respondent has assured this Court that he has no intention of actually collecting any part of the deficiency in view of petitioner's payment of his tax liability through withholding. *142 Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue.↩
2. See also Rosenberg v. Commissioner,T.C. Memo. 1970-201, affd. 450 F.2d 529 (10th Cir. 1971); Scott v. Commissioner,T.C. Memo. 1968-172; Goodman v. Commissioner,T.C. Memo. 1959-149↩.
3. SEC. 6511. LIMITATIONS ON CREDIT OR REFUND. (a) PERIOD OF LIMITATION ON FILING CLAIM.--Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid. (b) LIMITATION ON ALLOWANCE OF CREDITS AND REFUNDS.-- (1) FILING OF CLAIM WITHIN PRESCRIBED PERIOD.-- No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period. (2) LIMIT ON AMOUNT OF CREDIT OR REFUND.-- (A) LIMIT WHERE CLAIM FILED WITHIN 3-YEAR PERIOD.--If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim. (B) LIMIT WHERE CLAIM NOT FILED WITHIN 3-YEAR PERIOD.--If the claim was not filed within such 3-year period, the amount of the credit or refund * shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim. (C) LIMIT IF NO CLAIM FILED.--If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.
Secs. 6511(c) and (d)↩ deal with special circumstances not here involved.
4. Sec. 6512(b)(2), as relevant to the issue before us, provides: (2) LIMIT ON AMOUNT OF CREDIT OR REFUND.--No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid-- * * *
(B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency-- (i) which had not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532↩.
5. Although petitioner has not raised this issue, we note that some decisions under sec. 322(e), I.R.C. of 1939, the predecessor of sec. 6513(b)(1), held that estimated tax payments and withholdings were not paid for these purposes until the taxpayer actually filed a tax return for the year in question. Schmidt v. Commissioner,272 F.2d 423 (9th Cir. 1959), revg. 28 T.C. 367 (1957); Trevelyan v. United States,219 F. Supp. 716 (D. Conn. 1963). Accord Plankinton v. United States,267 F.2d 278 (7th Cir. 1959). Contra Miller v. United States,315 F.2d 354 (10th Cir. 1963), cert. denied 375 U.S. 824 (1963). See also contra Garvin v. United States,124 Ct. Cl. 781, 111 F. Supp. 265 (1953); Cirillo v. Commissioner,T.C. Memo. 1961-192, revd. in part on another issue 314 F.2d 478 (3d Cir. 1963). However, sec. 322(e), I.R.C. of 1939, provided that withholdings were deemed paid "notlaterthan" the last day for the filing of the return. In contrast, sec. 6513(b)(1) deems withholdings to be paid "on" the last day for the filing of the return "determined without regard to any extension of time * * *." [Emphasis added] We agree with the conclusion reached in Chemical Bank of New York Trust Co. v. United States,275 F. Supp. 26 (S.D.N.Y. 1967), affd. per curiam 386 F.2d 995 (2d Cir. 1967), that this significant change in statutory language eliminates the basis upon which the prior cases relied and requires a conclusion that the withholdings constituted payment on the date the tax return was due and not on the date it was in fact filed for purposes of sections 6511 and 6512. See also Sec. 301.6513-1(b), Proced. & Admin. Regs.; York v. United States,211 Ct. Cl. 356 (1976); Mullin v. United States, an reported case ( E.D. Mo. 1977, 40 A.F.T.R. 2d 77-5932, 77-2U.S.T.C. par. 9689); Waters v. Commissioner,T.C. Memo. 1978-253↩.
6. See, for example, sec. 301.6215-1, Proced. & Admin. Regs., which provides that "the entireamount redetermined as the deficiency by the decision of the Tax Court which has become final shall be assessed," while only "the unpaid portion↩ of the amount so assessed shall be paid by the taxpayer upon notice and demand thereof." [Emphasis added.] 7. While the above-cited sections limit the amount of overpayments↩ for which the taxpayer may receive a refund or a credit effective as to future years, such overpayments constitute the excess of payments over actual tax liability and not the excess of payments over reported tax liability. See 301.6401-1, Proced. & Admin. Regs. To the extent that petitioner's withholdings did not exceed his actual tax liability for the year, such withholdings do not fall within the ambit of these disallowance provisions.