**FIRST SECURITY BANK OF IDAHO, N. A., Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

**No. 76–3641.**

United States Court of Appeals, Ninth Circuit.

Feb. 12, 1979.

Rehearing Denied March 15, 1979.

Alonzo W. Watson, Jr. (argued), of Ray, Quinney & Nebeker, Salt Lake City, Utah, for appellee.

Gary R. Allen, Atty. (argued), of Dept. of Justice, Washington, D. C., for appellant.

Before DUNIWAY and KILKENNY, Circuit Judges, and BELLONI, District Judge.*

KILKENNY, Circuit Judge:

This is an appeal from the judgment of the tax court determining the amount of an overpayment of taxes by appellee for the year 1962 and ordering that the overpayment be used to offset the amounts of tax deficiencies determined for the years 1960 and 1961.

## FACTS

On December 8, 1966, appellant issued a notice to appellee of tax deficiencies for the years 1960, 1961 and 1963. This notice also indicated an overassessment for the year 1962 and informed appellee that it would be applied in accordance with the provisions of Section 6402 of the Internal Revenue Code of 1954 (I.R.C. § 6402, 26 U.S.C. § 6402), provided that appellee filed a timely claim for refund on Form 843.

Appellee did not file a timely formal refund claim for 1962. However, it filed a petition with the tax court for a redetermination of the 1960, 1961 and 1963 deficiencies on March 9, 1967. In its petition, the appellee states that the 1962 overassessment would not exist if taxpayer prevailed in contesting the deficiencies. After it became apparent that the tax court would determine deficiencies for 1960 and 1961, the appellee sought a credit in 1960 and 1961 for a portion of the 1962 overpayment.[1] The Commissioner refused to concede that such an overpayment could be applied to prior deficiencies.

The tax court held that *Schmidt v. Commissioner of Internal Revenue,* 272 F.2d 423, 425 (CA9 1959), which interpreted the language of 26 U.S.C. § 6214(b), allowed it to offset the 1960 and 1961 deficiencies, totaling $149,815.45, by the 1962 overpayment. The Commissioner appeals.

## ISSUE

Did the tax court exceed its jurisdiction in determining the amount of the appellee's overpayment and in crediting a portion of appellee's 1962 overpayment to the 1960 and 1961 deficiencies as determined?

## TAX COURT JURISDICTION

The controlling statute is § 6214 of the 1954 Internal Revenue Code, 26 U.S.C. § 6214, which provides in relevant part as follows:

" § *6214. Determinations by Tax Court*

*(a) Jurisdiction as to increase of deficiency, additional amounts, or additions to the tax.*—The Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or addition to the tax should be assessed, if claim therefor is asserted by

---

* The Honorable Robert C. Belloni, United States District Judge for the District of Oregon, sitting by designation.

1. Originally the Commissioner informed the appellee of an apparent overassessment of $77,-145.30 for 1962. Both parties now agree that there is a total overpayment for that year of $220,224.37.

the Secretary or his delegate at or before the hearing or a rehearing.

(*b*) *Jurisdiction over other years.*—The Tax Court in redetermining a deficiency of income tax for any taxable year or of gift tax for any calendar year shall consider such facts with relation to the taxes for other years as may be necessary correctly to redetermine the amount of such deficiency, *but in so doing shall have no jurisdiction to determine whether or not the tax for any other year has been overpaid or underpaid.*" [Emphasis supplied.]

As early as 1943, the Supreme Court in *Commissioner of Internal Revenue v. Gooch Co.,* 320 U.S. 418, 64 S.Ct. 184, 88 L.Ed. 139 (1943), interpreted this legislation in a case involving an overpayment for 1935 and a deficiency for 1936, and held that the tax court could not credit the 1935 overpayment against the 1936 deficiency. The Supreme Court there held that the tax court had jurisdiction *only* over the tax involved in the deficiency year. Additionally, it held that the tax court had no jurisdiction to either determine or order a refund or to decide equitable questions. 320 U.S. at 420–22, 64 S.Ct. 184.

Our own court, as recently as *Morse v. United States,* 494 F.2d 876, 879 (CA9 1974), held that the tax court had only the statutory jurisdiction granted to it by Congress and that such jurisdiction did not include deciding equitable questions.

Although the tax court recognized that it was not empowered to order the 1962 over-assessment to be credited against deficiencies for 1960 and 1961 unless it had jurisdiction to order a refund of the overpayment, nevertheless, it found comfort in some of the language of *Schmidt, supra.* The court convinced itself that *Schmidt's* interpretation of the language of 26 U.S.C. § 6214(b) permitted the tax court to apply the 1962 overpayment to the 1960 and 1961 deficiencies.

■ The appellee concedes that the reliance by the tax court on *Schmidt* was misplaced. There, the taxpayer filed her 1944 return claiming a $2,473.00 overpayment. In the return she elected to have the

overpayment credited to her 1945 estimated tax payment under the applicable statute and regulations. Former 26 U.S.C. § 322(a)(3), now 26 U.S.C. § 6402(b). In her 1945 return, filed at the same time as her 1944 return, she claimed a credit for these estimated taxes and paid the balance due as shown by the return. Subsequently, the Commissioner asserted a deficiency for 1945, disallowing the 1944 credit. The taxpayer contested this assessment in tax court, and again attempted to apply the 1944 overpayment to the 1945 taxes in accordance with her election on the 1944 return. The court denied this request, but was reversed on appeal to our court. The significant distinction between *Schmidt* and our case is that in *Schmidt,* the issue was whether the payment in question constituted a 1944 or a 1945 payment. By reason of the relationship between the 1944 and 1945 tax returns and the proper method by which Schmidt credited the 1944 overpayment to the estimated tax payments for 1945, the court held that the payment was on the 1945 taxes for which year the court did have jurisdiction. Here, by way of contrast, the tax court did not in any way suggest how the 1962 overpayment could be deemed to be a 1960 or 1961 overpayment, nor did it show any relationship between these years. Obviously, the court could have made no such suggestion in that the 1962 overpayment was entirely unrelated to the 1960 or 1961 deficiencies. Succinctly stated, *Schmidt* held that an overpayment claimed on a return and elected by a taxpayer to be credited to the following year's estimated tax is to be treated as a "payment" on the latter year's taxes. 26 U.S.C. § 6402(b) permits such an election. Here, no such election was or could have been made. Moreover, such an estimated tax payment must be treated as a payment in the *succeeding* year. 26 U.S.C. § 6513(d). Manifestly, the decision in *Schmidt* has no application to our facts.

Appellee admits that it did not file the Form 843 Notice of Claim for Refund until February 11, 1976. Recognizing the possibility of a statute of limitations problem,

appellee attempts to avoid its effect by arguing that, although it did not comply with the formal requirements of the Form 843 notice, it did make an appearance and urge consideration of the overassessment for the year 1962. Appellee argues that its petition filed March 9, 1967, was a sufficient, timely notice which fairly advised the appellant of the nature of its claim, and that any procedural deficiency was remedied by the late filing of the Form 843 on February 11, 1976. Relying upon *United States v. Kales,* 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132 (1941); *Sorelle v. United States,* 52 A.F.T.R. 1780 (N.D.Tex.1957), and similar cases, the tax court attempted to treat appellee's petition as an "informal claim for refund." However, *Kales* and *Sorelle,* while concerned with "informal refund claims" affecting the statute of limitations, in no way involved a tax court jurisdictional problem. These cases were properly filed in United States district courts. They thus provide no support for a theory that the tax court can go beyond § 6214(b) to consider refund claims for taxes not the subject of deficiency notices. Consequently, we decline to rule on the limitations problem, if any.

Appellee concedes that *Schmidt* and § 6214(b), whose predecessor was before the court in *Schmidt,* require a relationship between the overpayment and the deficiency in order for the overpayment in one year to be a proper factor for consideration in the deficiency year. As we read appellee's brief, it concedes that there is no such connection between the overpayment in 1962 and the deficiencies of 1960 or 1961. Recognizing this defect, the appellee then asks us to apply the 1962 overpayment to the redetermination of tax liability in 1963. Our analysis of the record reveals no connection whatsoever between the 1962 overpayment and the 1963 tax redetermination. We should not, as suggested by appellee, treat the 1962 overpayment as a constructive payment on the 1963 tax. There is nothing in the facts presented here nor in *Schmidt* which warrants this type of judicial legislation.

We agree that the tax court has proper jurisdiction over the return for the year 1963 and that if some significant connection was shown by the record between the 1962 overpayment and the 1963 determination, the court would have jurisdiction under *Schmidt.* The same logic applies to appellee's argument that the unique facts in this record place the case outside the broad perimeter of the decisions in *Gooch* and *Morse, supra,* and allow the tax court to refund the entire $220,224.37 overpayment. Although we believe in bringing litigation to a speedy conclusion and in conserving judicial time, it is not our province to confer equitable powers upon the tax court. Moreover, the appellee did not cross-appeal and, therefore, we would have no jurisdiction to consider this suggestion. *Helvering v. Pfeiffer,* 302 U.S. 247, 58 S.Ct. 159, 82 L.Ed. 231 (1937).

Still another argument that the appellee suggests in an attempt to avoid what would appear to be a complete miscarriage of justice, is that we might take the bull by the horns and shift appellee's bad debt reserve deductions from 1962 to 1963, a year over which we have jurisdiction. Appellee argues that it should not be required to take the maximum permissible bad debt deduction as computed by the appellant for the year 1962. Therefore, we should be able to reduce the deduction in 1962 allowing a permissible increase in bad debt reserve deductions in 1963. To do this, it argues that we need only redetermine the tax for 1963, a year over which we have jurisdiction, a unique and resourceful suggestion. However, we would have to recognize that type of power in the tax court and this we have been unable to find.

Contrary to appellee's contention, the appellant did not voluntarily submit to the tax court jurisdiction and agree to its computations. To the contrary, the computations were ordered under the direction of the court with appellant reserving all of his rights.

## CONCLUSION

The record reveals that appellee has a claim pending for the 1962 overpayment

in the United States District Court for the District of Idaho and we express no opinion on the merits of the issues involved in that litigation. On the appeal before us, we hold that the tax court exceeded its jurisdiction in adjudicating the amount of the appellee's 1962 overpayment and in crediting a portion of the 1962 overpayment to the 1960 and 1961 deficiencies. Accordingly, the judgment of the tax court must be reversed and the cause remanded for further proceedings in accordance with this opinion.

IT IS SO ORDERED.