DONNA F. STOWMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; DWAIN C. STOWMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stowman v. Commissioner
Docket Nos. 9663-81, 10181-81.
United States Tax Court
T.C. Memo 1983-235; 1983 Tax Ct. Memo LEXIS 555; 45 T.C.M. (CCH) 1429; T.C.M. (RIA) 83235; April 28, 1983. Donna F. Stowman and Dwain C. Stowman, pro se. Stephen J. Waller, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: In these consolidated cases, respondent determined the following deficiencies in, and additions to, petitioners' Federal income taxes: Addition to Tax
Petitioner
Year
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)
Donna F. Stowman
1978
$3,685
$694.38
184.25
Docket No. 9663-81
Dwain C. Stowman
1978
$3,685
$694.38
$184.25
Docket No. 10181-81
By amended answers, respondent alleged that petitioners had taxable income in excess of the amounts upon which the aforementioned deficiencies and additions to tax were based and, therefore, he alleged that petitioners were liable for the following amounts: Addition to Tax
Petitioner
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
Donna F. Stowman
1978
$4,355
$836.09
$217.75
Docket No. 9663-81
Dwain C. Stowman
1978
$4,355
$836.09
$217.75
Docket No. 10181-81
*557 After concessions by both parties, the issues for decision are: [2] (1) whether petitioners are entitled to compute their 1978 Federal income taxes pursuant to the joint return tax rates set forth in section 1(a); (2) whether any overpayment in petitioners' 1977 Federal income taxes can be applied as a credit against the 1978 deficiencies; and (3) whether petitioners are liable for additions to tax under sections 6651(a)(1) and 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Donna F. Stowman (hereinafter Mrs. Stowman) and Dwain C. Stowman (hereinafter Mr. Stowman) resided in Phoenix, Arizona, and Lakeside, Arizona, respectively, when they filed their petitions in these cases. During 1977 and 1978, Mrs. Stowman and Mr. Stowman were employed by Sky Chefs, Inc. (hereinafter Sky Chefs), and Bechtel Power Corporation (hereinafter Bechtel), respectively. During 1977 and 1978, *558 petitioners each had taxable income from wages, most of which were paid by Sky Chefs and Bechtel. Mrs. Stowman and Mr. Stowman received a Form W-2 from Sky Chefs and Bechtel, respectively, for their 1977 taxable year. Such forms notified petitioners of the total wages earned from such employers during 1977, and the amount of the Federal income taxes withheld on such wages. Printed on the Forms W-2 was a statement that the IRS would be furnished the wage information appearing thereon. For their 1977 and 1978 taxable years, petitioners each submitted for filing with the Internal Revenue Service Center, Ogden, Utah, separate Forms 1040. Mrs. Stowman filed such forms on or about April 13, 1979, and Mr. Stowman filed such forms on April 17, 1979. The Forms 1040 which petitioners submitted to the Internal Revenue Service (IRS) contained information with respect to each of their names, addresses, dependents, and social security numbers. On those forms, each petitioner elected a filing status of "Married filing separately," and wrote "Object: Self-Incrimination" on the spaces provided for the listing of information concerning occupation, income, business expenses, adjusted gross income, *559 credits, self-employment tax, minimum tax, Federal income tax withheld, and the tax due. On April 27, 1979 and June 15, 1979, letters were sent by the Internal Revenue Service Center, Ogden, Utah, to Mrs. Stowman and Mr. Stowman, respectively, advising each petitioner that the respective Forms 1040 that they each filed as their U.S. Individual Income Tax Returns for 1978 were unacceptable as returns because such forms did not contain the information required by law. Petitioners each sent separate written responses to the IRS in which they claimed that they declined to answer questions on their 1978 Forms 1040 because of their Fifth Amendment privilege against self-incrimination. In each of their letters, petitioners cited various Supreme Court cases dealing with the Fifth Amendment privilege. Respondent issued separate statutory notices to Mrs. Stowman and Mr. Stowman on February 10, 1981 and February 13, 1981, respectively, for their 1978 taxable year. In those statutory notices, respondent determined that petitioners had taxable wage income in the total amount of $35,218 for 1978. Since Arizona is a community property jurisdiction, respondent determined that each petitioner's *560 community property share of such wages was $17,609. Respondent's calculation of the deficiency owed by each petitioner was based upon rates applicable to married persons filing separate returns. Finally, respondent determined that each petitioner owed additions to tax for failure to file a timely return and for negligence or intentional disregard of the rules and regulations. Petitioners each filed timely petitions with this Court and their cases were consolidated for the purposes of trial, briefing, and opinion. On March 30, 1982, petitioners, subsequent to filing their petitions herein, filed with the IRS Form 1040X, Amended U.S. Individual Income Tax Return, with respect to their 1977 taxable year. On that form, petitioners elected a filing status of "Married filing joint return," they reported information from which respondent could compute their tax liability, they claimed that they were entitled to a refund in the amount of $1,953.64, and they stated that such refund was to be applied to their 1978 income taxes. Attached to the Form 1040X for 1977 were the Forms W-2 which petitioners received from Sky Chefs and Bechtel, with respect to the wages that they earned from such *561 employers during 1977. At the trial of their cases, petitioners conceded that they had taxable income from wages during 1978 in excess of the amount on which respondent based the increased deficiency set forth in each of his amended answers. At such trial, however, petitioners alleged for the first time that respondent should employ the joint return rates in calculating their income tax liability for 1978. OPINION We first consider whether petitioners are entitled to elect to file a joint return for 1978. Petitioners argue that they are entitled to compute their 1978 income taxes pursuant to the joint return rates of section 1(a). We disagree. It is well established that a document filed as a return will not consitute a "valid return" unless it contains sufficient information from which respondent can compute and assess a tax liability. See Commissioner v. Lane-Wells Co.,321 U.S. 219 (1944); United States v. Neff,615 F. 2d 1235 (9th Cir. 1980), cert. denied 447 U.S. 925 (1980); United States v. Smith,618 F. 2d 280 (5th Cir. 1980); United States v. Porth,426 F. 2d 519 (10th Cir. 1970), *562 cert. denied 400 U.S. 824 (1970); Cupp. v. Commissioner,65 T.C. 68, 79, 84 (1975), affd. 559 F. 2d 1207 (3d Cir. 1977); Jarvis v. Commissioner,78 T.C. 646, 653-655 (1982). Thus, the Forms 1040 which each petitioner filed with the IRS for 1978, containing no information upon which respondent could compute their respective income tax liabilities, were clearly not valid returns. Section 1(a) sets forth the tax rates applicable to "every married individual * * * who makes a single return jointly with his spouse under section 6013." Thus, married individuals must file joint returns in order to elect the tax rates provided in section 1(a). In cases involving taxpayers who have failed to file returns, the election to file jointly may not be made after respondent has issued a statutory notice to either spouse based upon rates applicable to separate returns, and the spouse to whom such notice was issued has filed a petition with this Court. [3] Sec. 6013(b)(2)(C). See Thompson v. Commissioner,78 T.C. 558, 561 (1982); Funk v. Commissioner,687 F. 2d 264 (8th Cir. 1982), affg. a Memorandum Opinion *563 of this Court; Durovic v. Commissioner,54 T.C. 1364, 1401-1402 (1970), affd. on this issue 487 F. 2d 36, 41-42 (7th Cir. 1973), cert. denied 417 U.S. 919 (1974); Dritz v. Commissioner,427 F. 2d 1176 (5th Cir. 1970), affg. per curiam a Memorandum Opinion of this Court. We have determined that petitioners never filed valid returns for 1978. Moreover, it is clear that petitioners did not even attempt to elect the joint return rates until after respondent issued notices of deficiency to each petitioner, and each petitioner filed a petition with this Court. Consequently, petitioners may not use the joint return rates set forth in section 1(a).Since petitioners have conceded that they had taxable income from wages in excess of the amount which respondent used to calculate the increased deficiencies alleged in his amended answers, we hold that petitioners are liable for such deficiencies. *564 We next consider whether petitioners are entitled to have the refund claim on their 1977 Form 1040X applied as an offset against the deficiencies which are set forth in respondent's amended answers. Petitioners argue that the claim for refund should offset such deficiencies. Respondent, on the other hand, maintains that petitioners are unable to do so. We agree with respondent for the following reason. Our jurisdiction applies only to the tax years in controversy. In the instant case, the only year in which respondent determined deficiencies is 1978. Thus, 1978 is the only year in controversy. Assuming for the moment that petitioners overpaid their tax for 1977, a year not in controversy as no deficiency has been determined by respondent for such year, we are without jurisdiction to apply an overpayment for 1977 against the deficiencies which respondent determined for 1978. [4] See sec. 6214(b); Commissioner v. Gooch Milling & Elevator Co.,320 U.S. 418 (1943); First Security Bank of Idaho, N.A. v. Commissioner,592 F. 2d 1046, 1048-1049 (9th Cir. 1979). *565 Finally, we consider whether petitioners are liable for the additions to tax under sections 6651(a)(1) and 6653(a). Petitioners failed to file valid returns for 1978 because they asserted frivolous constitutional objections. Their blanket Fifth Amendment claims do not relieve them of liability for the section 6651(a)(1) addition to tax because such claims fail to constitute reasonable cause for failing to file a timely income tax return. [5]Hatfield v. Commissioner,68 T.C. 895, 898 (1977). Consequently, we hold for respondent on this issue. With respect to the section 6653(a) addition to tax, we also hold for respondent. From the Forms W-2 which petitioners received from Sky Chefs and Bechtel for their 1977 taxable years, petitioners should have reasonably known that taxes were due on their wages and that wage information is reporable to the Internal Revenue Service. Nevertheless, they refused to report any wage information on the Forms 1040 which they filed with the IRS for their 1977 and 1978 taxable years. We found petitioners to be intelligent individuals and we do not *566 think that persons possessing their intelligence could have reasonably believed that they had no obligation to report their wage income or that such income, particularly those wages earned from employment as a clerk (Mrs. Stowman) and as an electrician (Mr. Stowman) would incriminate them in any way. Thus, we think that at least a portion of each petitioner's underpayment of tax for 1978 was due to negligence or intentional disregard of the rules or regulations of the Internal Revenue Code. In conclusion, we hold for respondent on all of the issues before us. To reflect concessions by the parties, [6]
Decisions will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. In the event we hold for respondent on each of these issues, we note that respondent has made certain concessions in these cases which would result in each petitioner being liable for amounts which are less than those set forth in his amended answers.↩
3. See also, Scholle v. Commissioner,T.C. Memo. 1982-267; Lee v. Commissioner,T.C. Memo. 1981-26, on appeal (9th Cir., Dec. 7, 1981); Funk v. Commissioner,T.C. Memo. 1981-506↩.
4. See also, Hutchinson v. Commissioner,T.C. Memo. 1980-551↩.
5. See also, Funk v. Commissioner,T.C. Memo. 1981-506↩.
6. See note 2, supra.↩