DANIEL B. COURTNEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Courtney v. Commissioner
Docket No. 15476-92
United States Tax Court
T.C. Memo 1994-502; 1994 Tax Ct. Memo LEXIS 510; 68 T.C.M. (CCH) 908; October 11, 1994, Filed *510 Decision will be entered in accordance with the stipulation of settled issues. For petitioner: Mel Lamelas. For respondent: Wayne A. S. Hamilton. TANNENWALD
TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent, by separate notices, determined deficiencies in, and additions to, petitioner's Federal income taxes as follows: Additions to Tax under I.R.C. Secs. [1]
Year
Deficiency
6653(a)(1)(A)
6653(a)(1)(B)
6651(a)
6654(a)
1986
$ 11,290.00
$ 564.50
50% of $ 1,204.50
$ 154.62
interest payable on
$ 11,290.00
6651(a)
6653(a)(1)
6654(a)
1988
13,200.00
$ 1,051.75
$ 660.00
$ 204.98
The parties have settled all issues other than the one now before us, namely, whether petitioner is entitled to a credit or a refund for excess tax payments in 1985. All of the facts have been *511 stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by reference. Petitioner resided in Key West, Florida, at the time he filed his petition herein. Petitioner filed an untimely 1985 return on March 1, 1988. On that return, he showed $ 4,104 as an overpayment of withheld taxes and elected to have it applied to his 1986 tax. On April 10, 1992, respondent mailed her notices of deficiency herein. On October 9, 1992, petitioner untimely filed his 1986, 1987, and 1988 returns. On the 1986 return, petitioner indicated that, after crediting the overpayment of $ 4,104 for 1985 and $ 6,472 in withholding tax, there was an overpayment of $ 2,333, which he elected to have applied to his 1987 tax. On his 1987 return, petitioner indicated, after crediting the overpayment of $ 2,333 for 1986 and $ 7,305 in withholding tax, that there was an overpayment of $ 2,321 which he elected to have applied to his 1988 tax. On his 1988 return, petitioner indicated, after crediting the overpayment of $ 2,321 for 1987 and $ 8,993 [2] in withholding tax, that there was an overpayment of $ 929 which he elected to have applied to his 1989 tax. *512 In computing the deficiencies for the years at issue, respondent gave petitioner credit for the withholding taxes claimed for those years. Thus, the issue before us is the extent to which petitioner is entitled to a further credit of the $ 4,104 in 1985, which, if allowed, would offset in part the deficiencies herein. Respondent's position is straightforward. She asserts that, under section 6512(b), since the deficiency notices were issued on April 10, 1992, and no returns for the years at issue had been previously filed, petitioner cannot get credit for any taxes paid more than 2 years prior to that date. We sustain respondent. Petitioner's overpayment of his 1985 withheld tax is deemed to have been paid on April 15, 1986. Patronik-Holder v. Commissioner, 100 T.C. 374, 378 (1993). His election to have the overpayment applied to his 1986 estimated tax is supported by the decided cases that overpayment is considered a tax payment for 1986. Sec. 6513(d); Georges v. IRS, 916 F.2d 1520 (11th Cir. 1990); sec. 301.6513-1(d), Proced. & Admin. Regs. Since no returns for 1986, 1987, and 1988 were filed prior to the issuance *513 of the notices of deficiency herein and since no payments in respect of any of petitioner's taxes for those years were made thereafter or within 2 years of the issuance of the notices of deficiency, we are without jurisdiction to allow petitioner the credit he seeks. Sec. 6512(b)(3); Allen v. Commissioner, 99 T.C. 475 (1992), affd. without published opinion 23 F.3d 406 (6th Cir. 1994). Petitioner accepts the foregoing position of respondent but seeks to avoid the consequences by asserting that, since his 1985 return was not timely filed, his election to apply the overpayment to his 1986 return was invalid, that his 1985 return was filed within the 3-year period of limitations for claiming a refund under section 6511(a) and that therefore he is entitled to a refund for 1985 which should be applied to the deficiencies asserted herein. He points to Bojan v. United States, an unreported case, 92-1 USTC par. 50,251, 69 AFTR 2d 92-547 (E.D. Mich. 1992), as support for his position. We are unimpressed with petitioner's reliance on Bojan. First, although the Government's position *514 in that case seems to be consistent with petitioner's position herein, in Bojan both the return for the year of the overpayment and the return for the year to which the taxpayer elected to have the overpayment applied were filed prior to the issuance of the notice of deficiency. Second, the taxpayer was given credit for that overpayment and the issue before the District Court was how the credited overpayment should be applied for purposes of calculating additions to tax. We need not decide herein whether an election can only be made on a timely filed return because, in any event, even if petitioner's election were deemed ineffective as he contends, we would not have jurisdiction to order a refund of petitioner's overpayment of his 1985 tax and the application of that refund against the deficiencies herein, since the 1985 tax year is not before us. Sec. 6214(b); Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418 (1943); Patronik-Holder v. Commissioner, supra at 376-377;see also First Sec. Bank v. Commissioner, 592 F.2d 1046 (9th Cir. 1979). The fact that the amount of the *515 1985 overpayment is undisputed is irrelevant. Our reasons for rejecting petitioner's reliance on Bojan v. United States, supra, also apply to his reliance on Rittenbaum v. United States, 109 F. Supp. 480 (N.D. Ga. 1952). In view of the foregoing, Decision will be entered in accordance with the stipulation of settled issues. Footnotes
1. All statutory references are to the Internal Revenue Code in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The actual amount claimed was $ 9,012 but the parties have now stipulated that it should be $ 8,993.↩